# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

SHAWNA MARIE SPENCER,                )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        Case No. CIV-25-1437-D
                                     )
ELIZABETH WEIR, et al.,              )
                                     )
            Defendants.              )

## <u>ORDER</u>

Plaintiff, a pretrial detainee, brought this civil rights action under 42 U.S.C. § 1983, alleging violations of her constitutional rights by Defendants Elizabeth Weir, former Cotton County Jail Administrator, Phillip Wolfenburger, former Walters City Chief of Police, Leslie Williams, Walters City police officer, and Jonathon Reynolds, Walters City police officer. [Doc. No. 9]. The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

Upon screening the Complaint pursuant to 28 U.S.C. § 1915(a), the magistrate judge issued a Report and Recommendation [Doc. No. 13], in which he recommends that the Court dismiss the Complaint in its entirety. In his report, the magistrate judge notified Plaintiff of her right to file an objection to the report on or before March 30, 2026, and that the failure to object waives the right to appellate review of both factual and legal issues contained in the report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Plaintiff filed a timely Objection to the Report and Recommendation [Doc. No. 14]. Thus, the Court must make a *de novo* determination of the portions of the Report to which

1

a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

## I.      Claim One (Section 1983 - Excessive Force)

In her Complaint [Doc. No. 9], Plaintiff alleges that Defendants Wolfenburger, Weir, and Williams used excessive force against her when "Wolfenburger aggressively pushed [her] minor daughter to the ground" and Williams "slam[med] [her] van window down and yank[ed] [her] from the van" on May 11, 2023. [Doc. No. 9, at 9]. Plaintiff adds that Defendant Weir handcuffed her to a fixed object, allowing Plaintiff's face to hit the floor during a seizure, and Plaintiff broke her chin, jaw, left eye socket, and teeth, all on June 12, 2023. *Id.* at 10.

As noted by the magistrate judge, the statute of limitations period for claims brought under Section 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose, *Wallace v. Kato*, 549 U.S. 384, 387 [] (2007), and in Oklahoma, that period is two years." *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (citing OKLA. STAT. tit. 12, § 95(A)(3)). Section 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citations and quotations omitted).

The magistrate judge recommends that the Court dismiss Plaintiff's excessive force claim as untimely under the two-year statute of limitations. Because the allegations underlying Plaintiff's excessive force claim occurred on May 11, 2023, and June 12, 2023,

the statute of limitations would have expired on May 12, 2025 and June 12, 2025, before

Plaintiff initiated this action on November 26, 2025. [Doc. No. 1].

In her Objection [Doc. No. 14], apart from stating that she tried to obtain an attorney

to file this lawsuit for two years, Plaintiff does not provide any reasons why the Court

should find that her excessive force claim accrued any later than June 12, 2023. Agreeing

with the magistrate judge's conclusion that Claim One is untimely under the two-year

statute of limitations, Claim One is hereby dismissed with prejudice. *See Rodriguez v.

Colo.*, 521 F. App'x 670, 671 (10th Cir. 2013) ("[W]e treat a dismissal without prejudice

as a dismissal with prejudice when the statute of limitations has run on the claims.").

## II.    Claim Two (Section 1983 – Fourth Amendment)

Plaintiff further alleges that her Fourth Amendment rights were violated when

Defendant Williams "seized [her] out [of] [her] van window for a citation" and "searched

[the van] without a crime being committed in front of her." [Doc. No. 9, at 12]. Plaintiff

also alleges that Defendant Reynolds "had [her] pulled over [and] searched [her] car off

duty." *Id.*

First, liberally construing Plaintiff's allegations, the magistrate judge found that

Plaintiff's allegation that Defendant Williams "seized [her] out [of] her van window" was

sufficient to allege that a Fourth Amendment "seizure" had occurred. However, the

magistrate judge recommends that the Court dismiss Plaintiff's claim based on her failure

to allege that probable cause was lacking for Plaintiff's seizure.

In her Objection [Doc. No. 14], Plaintiff still fails to assert that her alleged seizure

by Defendant Williams was lacking in probable cause. Attached to Plaintiff's Objection is

the Probable Cause Affidavit [Doc. No. 14-1], signed by Defendant Williams. However, Plaintiff does not contend in her Objection that Defendant Williams did not have probable cause to arrest her for the citation given.

The magistrate judge similarly recommends that the Court dismiss Plaintiff's "illegal search" claim for Plaintiff's failure to sufficiently allege a lack of probable cause for the search of her vehicle. Plaintiff alleges that Defendant Williams and Defendant Reynolds violated her Fourth Amendment rights by searching her vehicle on two different occasions. However, in Plaintiff's Objection, she fails entirely to address the search conducted by Defendant Williams, on May 11, 2023. And, for the search of Plaintiff's vehicle conducted by Defendant Reynolds, Plaintiff merely concludes that Defendant Reynolds searched Plaintiff's vehicle based on "mere suspicion." [Doc. No. 14, at 8]. However, Plaintiff also attaches to her Objection the Probable Cause Affidavit for Defendant Reynolds' search [Doc. No. 14-5, at 2], which included Officer Alec O'Dell's statement that—prior to any search of the vehicle and without a pending question by the officers—Plaintiff "advised [the officers], without question, that there was some paraphernalia in the vehicle that belonged to her husband who [had] been in jail for approximately 3 weeks." *Id.* In her Objection, Plaintiff fails to explain how Defendant Reynolds lacked probable cause to search her vehicle. Without more, Plaintiff's conclusory statement that Defendant Reynolds searched Plaintiff's vehicle based on mere suspicion is not sufficient. *See Erikson v. Pawnee Bd. of Cnty. Commr's*, 263 F.3d 1151, 1154 (10th Cir. 2001) ("[B]eyond the conclusory allegation in his complaint that no probable cause existed, plaintiff has not alleged any specific facts showing there was a lack of probable cause for

4

his arrest… . Plaintiff's conclusory allegation is insufficient to survive defendants' motion to dismiss."). For these reasons, the Court agrees with the magistrate judge's recommendation that Claim Two should be dismissed.

### III.    Claim Three

For Claim Three, Plaintiff alleges a constitutional violation of her "right of freedom of movement to obtain resources, assistance and work – personal non-economic travel to try and obtain residence, life, liberty, and pursuit of happiness." [Doc. No. 9, at 10]. In his Report and Recommendation [Doc. No. 13], the magistrate judge recommends that this claim be dismissed for Plaintiff's failure to identify a federally protected right. In her Objection, Plaintiff does not identify a federally protected right, nor does she address the magistrate judge's recommendation as to Claim Three. Rather, Plaintiff merely alleges that Defendant Reynolds was following her, "[t]hus preventing [Plaintiff] from getting to the church in Oklahoma City to help [Plaintiff] with her tags, insurance and multiple other resources." [Doc. No. 14, at 8]. As Plaintiff's Objection does nothing to remedy the deficiencies of her Complaint, this claim will be dismissed.

For these reasons, the Court **ADOPTS** the Report and Recommendation [Doc. No. 13] in its entirety. Plaintiff's Claim One is **DISMISSED WITH PREJUDICE**, and Claims Two and Three are **DISMISSED WITHOUT PREJUDICE**. A separate judgment shall be entered.

**IT IS SO ORDERED** this 31st day of March, 2026.

_____

TIMOTHY D. DeGIUSTI
Chief United States District Judge